NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3302

MICHAEL S. YOUNG,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

---

DECIDED:  November 9, 2004

---

Before MICHEL, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

PER CURIAM.

DECISION

Michael S. Young petitions for review of the final decision of the Merit Systems Protection Board ("Board") that (i) dismissed for lack of jurisdiction his claim that his non-selection by the Department of the Army ("agency") for appointment to the position of Logistics Management Specialist, GS-0346-12, was in violation of his rights under the Veterans Employment Opportunities Act of 1996 ("VEOA"), 5 U.S.C. § 3330a; and (ii) denied for failure to state a claim upon which relief could be granted his claim that his non-selection was the result of discrimination against him based upon his status as a

veteran, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311. Young v. Dep't of the Army, No. CH-3443-03-0709-I-1 (Mar. 30, 2004). We affirm.

DISCUSSION

I.

After the agency failed to select Mr. Young for the Logistics Management Specialist position, he appealed to the Board. In his appeal, he alleged that his non-selection violated his rights under the VEOA. He also alleged that his non-selection was the result of discrimination prohibited by USERRA, 38 U.S.C. § 4311.

In an initial decision dated September 9, 2003, the administrative judge ("AJ") to whom the case was assigned dismissed Mr. Young's VEOA claim for lack of jurisdiction and denied his USERRA claim for failure to state a claim upon which relief could be granted. Young v. Dep't of the Army, No CH-3443-03-0709-I-1 (Sep. 9, 2003). The AJ ruled that the Board lacked jurisdiction to consider Mr. Young's VEOA claim because he had failed to exhaust his remedies before the Department of Labor. As far as Mr. Young's USERRA claim was concerned, the AJ ruled that Mr. Young had failed to allege facts which, if true, would support his allegations of discrimination.[1] The AJ's initial decision became the final decision of the Board on March 30, 2004, after the Board dismissed Mr. Young's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

[1] In her initial decision, the AJ pointed out that the agency presented evidence that it cancelled the vacancy announcement for the Logistics Management Specialist position without making a selection.

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Young asserts that his VEOA rights were violated and that the agency discriminated against him in violation of USERRA. We see no error in the decision of the Board in this case, however. In order to establish Board jurisdiction over an appeal brought under the VEOA, an appellant must show, inter alia, that he or she first sought administrative redress by filing a complaint with the Department of Labor. See 5 U.S.C. § 3330a; Abrahamson v. Dep't of Veterans Affairs, 94 M.S.P.R. 377 (2003). Before the Board, Mr. Young acknowledged that he had failed to exhaust his remedies before the Department of Labor. That fact is dispositive of his VEOA claim.

Turning to Mr. Young's USERRA claim, we have stated that "an employee making a USERRA claim of discrimination . . . bears the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action." Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). In her initial decision, the AJ noted that the only thing Mr. Young said as far as his USERRA claim was concerned was that the agency knew he was a veteran because he had presented it with his DD214 form, which is his record of military service. We agree that, standing alone, the fact that an employer

knows a person is a veteran is not enough to make out a claim of USERRA discrimination. The reason is that the mere fact of military service is not enough to show that a veteran was discriminated against on account of that service.

We have concluded that the Board did not err in dismissing Mr. Young's VEOA claim for lack of jurisdiction and in denying his USERRA claim for failure to state a claim upon which relief could be granted. For the forgoing reasons, the final decision of the Board is affirmed.