OPINION OF THE COURT
Thomas J. McNamara, J.
Plaintiffs are current and former federal military technicians employed by defendant Major General Thomas E Maguire, Jr., the Adjutant General of the State of New York. They commenced the instant action pursuant to Uniformed Services *1000 Employment and Reemployment Rights Act ([USERRA] 38 USC § 4301 et seq.), alleging that the defendant denied them certain employment benefits because of their military status as part-time members of the National Guard. Defendant has moved for an order dismissing the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), for failure to join a necessary party pursuant to CPLR 3211 (a) (10), and on the ground that some or all of plaintiffs’ claims are barred by the statute of limitations set forth in 28 USC § 1658 (a).
Plaintiffs allege that prior to December 2000 defendant improperly charged military leave for all consecutive days plaintiffs were on reservist duty rather than by the actual days plaintiffs were scheduled to work. Plaintiffs contend that they were charged military leave for nonworkdays and holidays pursuant to this policy. Plaintiffs contend that this practice improperly forced them to use annual leave, leave without pay and sick leave benefits in order to fulfill their military obligations. Plaintiffs contend that they were improperly denied these employment benefits in violation of USERRA.
Defendant contends that the complaint fails to state a cause of action under USERRA because plaintiffs do not and cannot allege discriminatory animus, a necessary element of many antidiscrimination statutes. It is undisputed that one purpose of USERRA is to prohibit discrimination against persons in their employment because of their service in the uniformed services (see 38 USC § 4301 [a] [3]; see also Sheehan v Department of Navy, 240 F3d 1009 [2001]; Gummo v Village of Depew, N.Y., 75 F3d 98 [1996]). However, USERRA may also be invoked to compel compliance with statutes governing the computation of military leave for National Guard reservists (see Butterbaugh v Department of Justice, 336 F3d 1332 [2003]).
38 USC § 4311 provides, in part:
“(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation . . .
“(c) An employer shall be considered to have engaged in actions prohibited-
“(1) under subsection (a), if the person’s member *1001 ship, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer’s action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.”
In Butterbaugh, the decision indicated that the parties did not dispute the fact that petitioners “alleged denial of a benefit of employment due to their performance of military duties, thereby alleging a USERRA violation by an executive agency actionable to the Board under 38 U.S.C. § 4324(b)(1)” (336 F3d at 1336). Such procedural history could be construed as indicating that the court did not decide such issue. However, the court continued, stating: “[W]e agree with the Board that, in contrast to cases such as Sheehan v. Department of the Navy, 240 F.3d 1009, 1013-14 (Fed.Cir.2001), the question in this case is not whether Petitioners’ military status was a substantial or motivating factor in the agency’s action, for agencies only grant military leave to employees who are also military reservists” (id.), thereby determining that an improper computation of military leave constituted a denial of an employment benefit substantially motivated by military status. The court further found that the only remaining issue to be determined was whether the military leave statute had been properly applied. It is thus clear that the court found that allegations of improper computation of military leave stated a claim under USERRA. The court held that the leave had been improperly computed and that leave should only have been applied to days when reservists were actually scheduled to work.
Defendant has not persuasively distinguished Butterbaugh. The contention that the court did not reach the issue of whether the petitioners had stated a cognizable claim under USERRA is belied by the above-quoted language. It is therefore determined that pursuant to Butterbaugh, the complaint does state a cause of action alleging a violation of USERRA.
Defendant also contends that plaintiffs have failed to join a necessary party, the federal government, as plaintiffs are employees of the Department of the Army or the Department of the Air Force (32 USC § 709 [e]). However, such statute also provides “[t]he Secretary concerned shall designate the *1002 adjutants general referred to in section 314 of this title to employ and administer the technicians authorized by this section” (32 USC § 709 [d]). Moreover, USERRA (38 USC § 4303 [4] [B]) specifically provides “[i]n the case of a National Guard technician employed under section 709 of title 32, the term ‘employer’ means the adjutant general of the State in which the technician is employed.” As such, pursuant to the applicable federal statutes, defendant is the employer of plaintiffs and is authorized to administer plaintiffs’ employment. Such authority clearly includes the authority and obligation properly to administer the plaintiffs’ military leave benefits. The court therefore determines that plaintiffs have named the proper party defendant.
Finally, defendant seeks to apply the four-year statute of limitations of 28 USC § 1658 (a) to limit all claims to only a few weeks before December of 2000, when the federal Office of Personnel Management changed its interpretation with respect to the manner of computing military leave to apply military leave only to scheduled workdays. In the alternative, defendant seeks to have the four-month statute of limitations of CPLR 217 apply. Defendant relies primarily upon Rogers v City of San Antonio (392 F3d 758 [2004]) for the proposition that 28 USC § 1658 (a) is applicable. However, the holding in Rogers was based upon the procedural history of such case. In the lower court, the plaintiffs argued that the statute of limitations of 28 USC § 1658 (a) was applicable, as opposed to the two-year statute of limitations contained in the Fair Labor Standards Act of 1938 (29 USC § 255 [a]). The Court of Appeals specifically stated that because plaintiffs did not raise the issue below, the court would not reach the plaintiffs’ new claim that no statute of limitations was applicable. As such, Rogers is of no precedential value herein.
While the concept of a claim with no applicable statute of limitations is entirely foreign to New York State practice with its catchall six-year limit of CPLR 213 (1), it is apparently not uncommon in federal practice. Indeed, 28 USC § 1658 was enacted to address this issue. However, such statute by its terms is only applicable to “civil action[s] arising under an Act of Congress enacted after the date of the enactment of this section” in 1990 (28 USC § 1658 [a]). While USERRA was enacted in 1994, after 28 USC § 1658, it has been held that the statute of limitations is not applicable because USERRA did not establish a new cause of action without reference to preexisting law; *1003 rather it amended the Veterans’ Reemployment Rights Act (see Akhdary v City of Chattanooga, US Dist Ct, ED Tenn, Edgar, J., 1:01-CV-106 [2002]).
“If the federal statute that supplies the substantive cause of action has a limitations period to go with it, that period of course governs, and there are many such statutes. But a ‘void which is commonplace in federal statutory law’, as the US Supreme Court acknowledged in Board of Regents v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794-5, 64 L.Ed.2d 440, 447 (1980), exists when no federal statute supplies a time period for the particular federal claim. In that instance, says Tomanio, the applicable period is ‘the state law of limitations governing an analogous cause of action.’ ” (David D. Siegel, Practice Commentary, 28 USCA § 1658.)
USERRA does not contain any statute of limitations and expressly provides “[n]o State statute of limitations shall apply to any proceeding under this chapter” (38 USC § 4323 [i]). As such, neither CPLR 217 nor any other state period of limitations may be borrowed under Tomanio. The Merit Systems Protection Board, the federal agency which hears and determines administrative claims under USERRA, has determined that there is no period of limitations applicable to such claims (see Lee v Department of Justice, 99 MSPR 256 [Merit Sys Protection Bd, Docket No. SF-3443-05-0162-I-1, July 15, 2005]). Moreover, the Department of Labor has also determined that there is no statute of limitations on such claims, and further, that the only limitation is from the doctrine of laches (see 70 Fed Reg 75246, 75287 [2005]). Based upon such federal authority, the court determines that neither the four-year statute of limitations of 28 USC § 1658 (a) nor the four-month statute of limitations of CPLR 217 is applicable.
Accordingly defendant’s motion to dismiss the action is hereby denied.