NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3231

HENRY J. MUMME, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2009-3233

HENRY J. MUMME, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Henry J. Mumme, Jr., of Amherst, New York, pro se.

Patryk J. Drescher, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3231

HENRY J. MUMME, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT4324080878-I-1.

---------------------------------------------------------

2009-3233

HENRY J. MUMME, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY4324080358-I-1.

_____

DECIDED: December 9, 2009
_____

Before RADER, ARCHER, and LINN, Circuit Judges.

PER CURIAM.

Henry J. Mumme, Jr., ("Mumme") seeks review of two decisions of the Merit Systems Protection Board ("Board"), each of which denied his request for corrective action based on his claim that the Department of Veterans Affairs ("agency") violated the Uniformed Services and Reemployment Rights Act of 1994 ("USERRA") when it declined to select him for a position within the agency. Because substantial evidence supports the Board's determinations that Mumme's status as a veteran was not a substantial or motivating factor in his non-selection for these positions, we affirm.

BACKGROUND

Mumme is a veteran of the United States Marine Corps. He applied for a position as a Safety Engineer in Gainesville, Florida under vacancy announcement VZ-101-743. That announcement was open from November 9, 2005 to November 18, 2005. The agency never filled the position that Mumme applied for under vacancy announcement VZ-101-743. Instead, the agency filled the position under an earlier announcement, 05-450-BB, a vacancy for which Mumme did not apply. This earlier announcement was open from October 20, 2005 to November 9, 2005. The agency compiled a list of eligible candidates that had responded to the first vacancy announcement, 05-450-BB, and conducted interviews with those candidates. One month later, on January 30, 2006, the agency compiled a list of eligible candidates that had responded to the second vacancy announcement, VZ-101-743. On that same day, January 30, 2006, the position was filled by a candidate whose name was on the first list. Mumme filed a challenge with the Board alleging that his non-selection was a result of discrimination under USERRA. On January 6, 2009, the Board denied Mumme's appeal, finding no evidence that the selecting official, Mr. Frank Campbell, ever saw or

knew about the second list when he selected a candidate from the first list on January 30, 2006. Mumme v. Dep't of Veterans Affairs, No. AT-4324-08-0878-I-1, slip op. 10 (M.S.P.B. Jan. 6, 2009). The Board thus concluded that Mumme had failed to satisfy his burden of showing that his status as a veteran was a substantial or motivating factor in the agency's decision not to select him for the Safety Engineer position. The Board's decision became final on May 15, 2009. Mumme timely appealed. His appeal of that decision is docketed in this court as Appeal No. 2009-3231.

Mumme also applied for a position as a Registered Nurse in Buffalo, New York under vacancy announcement 528-07-068. His only nursing experience was in a previous part-time position in which he worked eight hours per week during a three month period. In his interview, Mumme acknowledged that he gets overwhelmed in nursing, that it took him six attempts to pass the state licensing exam, and that it will take him time to get oriented in the new position. When he was not selected for this position, he filed a challenge with the Board alleging that his non-selection was a violation of USERRA. On December 19, 2008, the Board denied his appeal, finding that the other candidates who were selected for this position all had much more experience than Mumme, and that one of them was a military veteran. Mumme v. Dep't of Veterans Affairs, No. NY-4324-08-0358-I-1, slip op. 6-7 (M.S.P.B. Dec. 19, 2008). Mumme's status as a veteran was therefore determined not to have been a substantial or motivating factor in his non-selection. The Board's decision became final on May 18, 2009. Mumme timely appealed. His appeal of that decision is docketed in this court as Appeal No. 2009-3233.

We have jurisdiction over both appeals under 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

Mumme asserts that this court should conduct a "de novo" review of the Board's decisions. In his informal reply brief, Mumme states that it is "common knowledge" that this court has "discretion" to "sua sponte" review his case de novo. Informal Reply Br. 2. This is incorrect. Our standard of review is prescribed by statute. See 5 U.S.C. § 7703(c). Under that provision, we must affirm the Board's decision unless it is "arbitrary, capricious an abuse of discretion, or otherwise not in accordance with law, rule or regulation; or unsupported by substantial evidence." Kirkendall v. Dep't of Army, 573 F.3d 1318, 1321 (Fed. Cir. 2009).

In order to prevail on his claim of discrimination under USERRA, Mumme must show by a preponderance of the evidence that his prior military service or his status as a former military service member was a "substantial or motivating factor" in the agency's decision not to select him for the position. Sheehan v. Dep't of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). The Board concluded that Mumme had failed to discharge this burden in both of his appeals.

As for the Security Engineer position, Mumme argues that the candidate who was ultimately selected for this position had responded to both vacancy announcements, not just to the earlier announcement. Thus, Mumme believes that he was passed over for a candidate who was on the same list of eligible candidates as he. But Mumme does not dispute that the selected candidate did in fact apply under the first announcement, and that the selecting official made his selection only from the list of candidates who replied to the first announcement. The fact that the selected candidate also responded to the later announcement is irrelevant, because there is no evidence

that this fact would have disqualified this candidate from consideration under the first announcement. By contrast, Mumme applied only under the later announcement. Because the vacancy had already been filled before the second list of eligible candidates had ever been evaluated by the selecting official, Mr. Frank Campbell, the Board's finding that Mumme's military service was not a factor in his non-selection is supported by substantial evidence.

As for the Registered Nurse position, Mumme argues that he applied for an entry-level position and should have been compared to other entry-level applicants rather than to those who applied for what he calls "specialty" positions. But the evidence shows that all of the part-time nursing positions that were vacant at the time were in one of the five services that Mumme characterizes as "specialized." The Board found no evidence that other non-specialized, entry-level positions existed at the time of Mumme's application. Moreover, Mumme does not dispute that one of the selected candidates was himself a military veteran, a fact that tends to refute the notion that the agency was biased against Mumme's military status.

Because the Board's decisions are supported by substantial evidence, we affirm.