Patrick J. SHEEHAN, Petitioner,

and

Ronald J. Fahrenbacher, Petitioner,

v.

DEPARTMENT OF the NAVY, Respondent.

Nos. 00–3271, 00–3272.

United States Court of Appeals, Federal Circuit.

Feb. 9, 2001.

Ronald J. Fahrenbacher, of Kansasville, WI, pro se.

Patrick J. Sheehan, of Pleasant Prairie, WI, pro se.

James H. Holl, III, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and Deborah A. Bynum, Assistant Director. Of counsel was Catherine Donovan, Counsel, Office of the Assistant General Counsel, Human Resources Operations Center, Department of the Navy, of Washington, DC.

Before NEWMAN, MICHEL, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Patrick J. Sheehan and Ronald J. Fahrenbacher appeal the decision of the Merit Systems Protection Board denying their request for relief based on asserted discriminatory treatment under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, 1994 USCCAN (108 Stat.) 3149 ("USERRA") (codified at 38 U.S.C. §§ 4301–4333).[1] The Board's decision is affirmed.

## BACKGROUND

The appellants are retired military officers, and had served in the Navy Judge Advocate General Corps. Both have distinguished records. In 1996, both of the retired appellants applied for the newly-created civilian position of Attorney Advisor and Counsel to the Commander of the Naval Training Center at Great Lakes, Illinois. Neither of the appellants was selected. They separately appealed their non-selection to the Board, on the ground that the agency discriminated against them on the basis of their prior military service, in violation of the USERRA. The appeals proceeded separately, and were assigned to different administrative judges.

Mr. Fahrenbacher's appeal was denied by the administrative judge, from which Mr. Fahrenbacher petitioned for review by the full Board. Mr. Sheehan's appeal was granted by the administrative judge, from which the agency petitioned for review by the full Board. The Board consolidated the petitions, and ruled that neither Mr. Fahrenbacher nor Mr. Sheehan was entitled to relief under the USERRA.

---

1. *Ronald Fahrenbacher and Patrick J. Sheehan*    *v. Dep't of Navy,* 85 M.S.P.R. 500 (2000).

## JURISDICTION

The Board has jurisdiction of the appellants' USERRA claims under 38 U.S.C. § 4324. *See* 5 C.F.R. § 1201.3(a)(22) ("The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from ... [n]oncompliance by a Federal executive agency employer or the Office of Personnel Management with the provisions of [the USERRA] relating to the employment or reemployment rights or benefits to which a person is entitled after service in the uniformed services.");[2] *Williams v. Dep't of Army,* 83 M.S.P.R. 109, 113 (1999). The Federal Circuit has jurisdiction of the appeal pursuant to § 4324(d)(1).

## THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

■ The USERRA prohibits discrimination in employment on the basis of military service. The operative provision, 38 U.S.C. § 4311, states:

(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

* * *

**2.** On February 4, 2000, after the initial decision, but before decision of the full Board, 5 C.F.R. § 1201.3 was amended to replace subparagraph (a)(22) with new subparagraph (b)(1) providing that "Appeals filed under [USERRA] ... are governed by part 1208 of this title." 65 Fed.Reg. 5409 (Feb. 4, 2000). Part 1208.2 provides that "Under 38 U.S.C. § 4324, a person entitled to the rights and benefits provided by [USERRA] may file an appeal with the Board...." 65 Fed.Reg. 5410 (Feb. 4, 2000) (to be codified at 5 C.F.R. § 1208.2).

(c) An employer shall be considered to have engaged in actions prohibited—

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

While the Board has previously considered the legal structure and operation of this statute, *e.g., Williams v. Dep't of Army,* 83 M.S.P.R. 109, 112 (1999); *Petersen v. Dep't of Interior,* 71 M.S.P.R. 227, 239–40 (1996), as have courts in other circuits, *e.g., Gummo v. Village of Depew, N.Y.,* 75 F.3d 98, 105–06 (2d Cir.1996), this court has not done so. On the basis of the statute and the appurtenant legislative history, we adopt a construction of the statute consistent with those decisions.

The USERRA was enacted in congressional response to the Supreme Court's decision in *Monroe v. Standard Oil Co.,* 452 U.S. 549, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981), wherein the Court held that the USERRA's antecedent, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, "was enacted for the significant but limited purpose of protecting the employee-reservist against discriminations ... motivated solely by reserve status." *Id.* at 559, 101 S.Ct. 2510. The Court concluded that liability for violation of the statute

We assume, without deciding, that USERRA claims fall within the Board's appellate jurisdiction. *Compare Bodus v. Dep't of the Air Force,* 82 M.S.P.R. 508, 516 (1999) (pure USERRA claims are complaints, not appeals, under 5 U.S.C. § 7701) *with* 5 C.F.R. § 1208.4 (" 'Appeal' means a request for review of an agency action (the same meaning as in 5 C.F.R. § 1201.4(f)) and includes a 'complaint' or 'action' as those terms are used in USERRA....").

could not be found unless the employee's reserve status was the sole motivation for the discriminatory conduct. The 1994 enactment broadened the statute by providing that a violation occurs when a person's military service is a "motivating factor" in the discriminatory action, even if not the sole factor. *See* 38 U.S.C. § 4311(c)(1).

■ The 1994 enactment also confirmed "that the standard of proof in a discrimination or retaliation case is the so-called 'but-for' test and that the burden of proof is on the employer, once [the employee's] case is established," the legislative history citing the procedures and allocation of burdens of proof for actions under the National Labor Relations Act as discussed by the Supreme Court in *National Labor Relations Bd. v. Transportation Management Corp.*, 462 U.S. 393, 401, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983) (modified by *Director, Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994)). H.R.Rep. No. 65, 103d Cong., 2d Sess. 24 (1994), *reprinted in* 1994 USCCAN 2449 at 2457; S.Rep. No. 158, 103d Cong., 2d Sess. 45 (1994); *see also Gummo*, 75 F.3d at 105–06 (discussing legislative history); *Petersen*, 71 M.S.P.R. at 239–240 (same). Thus the USERRA provides that even if prohibited discrimination was a factor, the employer does not violate the statute if "the employer can prove that the action would have been taken in the absence of [military status]." 38 U.S.C. § 4311(c)(1).

Precedent interpreting and applying the USERRA is sparse. Those courts that

have applied it, as well as the MSPB, have implemented the legislative intent to adopt the *Transportation Management* evidentiary scheme for cases arising under the National Labor Relations Act. The Court in *Transportation Management* in turn had adopted and approved the National Labor Relations Board's reasoning in *Wright Line*, 251 N.L.R.B. 1083, 1089 (1980), *enforced*, 662 F.2d 899 (1st Cir. 1981). We apply this precedent to the appellants' USERRA claims.

■ The procedures established by precedent require an employee making a USERRA claim of discrimination to bear the initial burden of showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the adverse employment action.[3] *See Transportation Management*, 462 U.S. at 400–01, 103 S.Ct. 2469. If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason. *See id.; Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Holo–Krome Co. v. Nat'l Labor Relations Bd.*, 954 F.2d 108, 110–12 (2d Cir.1992); *see also Matson Terminals, Inc. v. Nat'l Labor Relations Bd.*, 114 F.3d 300, 303 (D.C.Cir.1997); *FPC Holdings, Inc. v. Nat'l Labor Relations Bd.*, 64 F.3d 935, 942 (4th Cir.1995); *Mississippi Transport, Inc. v. Nat'l Labor Re-*

---

**3.** This was referred to as a "prima facie" case in *Wright Line*, 251 NLRB at 1089, meaning that the employee had met the burden of showing, by a preponderance of evidence, that his/her protected status motivated the action. Following the Supreme Court's holding in *Greenwich Collieries*, 512 U.S. at 277–78, 114 S.Ct. 2251, the use of the term "prima facie" case is inapt. *See National Labor Relations Bd. v. Joy Recovery Tech. Corp.*, 134 F.3d 1307, 1314 (7th Cir.1998) (explaining that *Greenwich Collieries* makes clear that *Wright Line* "analysis does not simply require ... a prima facie case. [The employee] must establish that [discriminatory] animus was a moti-

vating factor in the decision."); *Southwest Merchandising Corp. v. Nat'l Labor Relations Bd.*, 53 F.3d 1334, 1339–40 & n. 8 (D.C.Cir. 1995) ("[I]n the wake of *Greenwich Collieries*, it will no longer be appropriate to term the [employee's] burden that of mounting a prima facie case."); *Holo–Krome Co. v. Nat'l Labor Relations Bd.*, 954 F.2d 108, 111–12 (2d Cir. 1992) ("[T]he Board uses the phrase 'prima facie case' to mean evidence that proves that protected conduct was a motivating factor, [though] it would be helpful if the Board would abandon the phrase, in view of its entirely different meaning in other contexts.").

*lations Bd.,* 33 F.3d 972, 979 (8th Cir. 1994); *Union–Tribune Pub. Co. v. Nat'l Labor Relations Bd.,* 1 F.3d 486, 490 (7th Cir.1993).

The factual question of discriminatory motivation or intent may be proven by either direct or circumstantial evidence. *See FPC Holdings, Inc.,* 64 F.3d at 942 ("Motive may be demonstrated by circumstantial as well as direct evidence and is a factual issue which the expertise of the Board [NLRB] is peculiarly suited to determine."); *Matson Terminals,* 114 F.3d at 303–04; *see also Kumferman v. Dep't of Navy,* 785 F.2d 286, 290 (Fed.Cir.1986) (intent is a question of fact to be found by the MSPB). Circumstantial evidence will often be a factor in these cases, for discrimination is seldom open or notorious. Discriminatory motivation under the US-ERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Cf. W.F. Bolin Co. v. Nat'l Labor Relations Bd.,* 70 F.3d 863, 871 (6th Cir.1995). In determining whether the employee has proven that his protected status was part of the motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken.

When the employee has met this burden, the burden shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action. *Transportation Management,* 462 U.S. at 400, 103 S.Ct. 2469; *Mt. Healthy,* 429 U.S. at 285–86, 97 S.Ct. 568. This applies to both so-called "dual motive" cases (in which the agency defends on the ground that, even if an invalid reason played a part in the adverse action, the same action would have been taken in the absence of the invalid reason) and so-called "pretext" cases (in which the agency defends on the ground that it acted only for a valid reason). *See Holo–Krome,* 954 F.2d at 110–11.

The procedural framework and evidentiary burdens set out in § 4311, as explained in *Transportation Management* for NLRB rulings, are different from those in discrimination cases under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), as described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and subsequent decisions. *McDonnell Douglas,* while allocating the burden of production of evidence, does not shift the burden of persuasion to the employer. *See Nat'l Labor Relations Bd. v. Weiss Memorial Hospital,* 172 F.3d 432, 442 (7th Cir.1999) (contrasting *Wright Line* with "the shifting burdens of production under the ubiquitous *McDonnell Douglas* analysis, which is merely a method for ordering the proof"); *Walker v. Mortham,* 158 F.3d 1177, 1184–85 n. 10 (11th Cir.1998), *cert. denied* 528 U.S. 809, 120 S.Ct. 39, 145 L.Ed.2d 36 (1999) (distinguishing the employer's burden to prove its affirmative defense under the NLRA from the *McDonnell Douglas* prima facie case, which shifts the burden of production but not the risk of nonpersuasion).

Thus in USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove, by a preponderance of evidence, that the action would have been taken despite the protected status.

### ANALYSIS

The appellants claim that the MSPB erred in not applying the criteria outlined in *McDonnell Douglas* and re-

cently clarified in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). We do not agree. As discussed above, the *McDonnell Douglas* criteria differ from the statutory burdens set out in the US-ERRA and the National Labor Relations Act. Although there may be some overlap in proof of discrimination claims under either framework, the Court's decision in *Reeves* expressly deals with the *McDonnell Douglas* framework, and does not require any change in the standard codified in the USERRA and explained in *Transportation Management.* *See Reeves*, 530 U.S. at ——, 120 S.Ct. at 2105 ("Because the parties do not dispute the issue, we shall assume, arguendo, that the *McDonnell Douglas* framework is fully applicable here.");

The initial burden on the appellants was to establish that their military service was a motivating factor in their non-selection. In Mr. Sheehan's case the administrative judge, hearing witnesses and making credibility determinations, found that this initial burden was met, and that the agency did not establish that it would have taken the same non-selection action absent Mr. Sheehan's military service. In Mr. Fahrenbacher's case the administrative judge found that this initial burden was not met. Reviewing these two decisions, the full Board held that the appellants "did not carry their ultimate burden of proving that the agency failed to select them on the basis of their prior military service." The Board thus sustained the administrative judge's decision in Mr. Fahrenbacher's case, and reversed the administrative judge in Mr. Sheehan's case. .

The Board stated that its task was to determine "whether the appellants' veterans status was a motivating factor in the agency's decision not to select them." That is, "whether, in view of their qualifications as set forth in their application, the agency's reasons for not selecting them are pretextual and the real reason is their prior military service." Although the

MSPB did not separate the discrimination determination into two discrete parts, for the first of which the complainant bears the burden of proof, and for the second of which the employer bears the burden of proof, its decision as a whole followed the strictures of the framework developed by the NLRB and the Court.

The MSPB, after reviewing the qualifications of both of the appellants as well as the person actually selected for the position, found that "the appellants did not establish that they were not selected for the GS–14 Counsel to the Commander position because of discrimination based on their military service." In their appellate briefs, both Mr. Fahrenbacher and Mr. Sheehan principally argue that the inferior qualifications of the person selected for the position of itself establishes that they were discriminated against. The Board correctly held that the claimants must show evidence of discrimination other than the fact of non-selection and membership in the protected class. *Cf. Nat'l Labor Relations Bd. v. Fluor Daniel, Inc.*, 161 F.3d 953, 967 (6th Cir.1998) (refusing to incorporate the Title VII prima facie case set forth in *McDonnell Douglas* into refusal-to-hire discrimination cases arising under the NLRA).

The Board considered the evidence of record including the appellants' qualifications, the qualifications of the employee actually selected, and other evidence including the fact that two of the five finalists for the position (appellants were not in this group) had prior military service. On the record presented, we agree that the appellants did not meet their burden of proving that their prior military status was a motivating factor in the agency's decision not to select them. On this basis, the decision of the Board is affirmed.

*AFFIRMED.*

No costs.