NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3255

WILLIAM B. JOLLEY,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

William B. Jolley, of Brunswick, Georgia, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3255

WILLIAM B. JOLLEY,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443080162-I-1.

_____

DECIDED: November 18, 2008
_____

Before SCHALL, FRIEDMAN, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

William B. Jolley petitions for review of the final decision of the Merit Systems Protection Board ("Board") which denied his claim for corrective action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  Jolley v. Dep't of Housing & Urban Dev., No. AT-3443-08-0162-I-1 (M.S.P.B. April 29, 2008).  We affirm.

DISCUSSION

I.

Mr. Jolley is a preference eligible veteran currently employed by the Department of Housing and Urban Development ("HUD"). In 2003, he brought a claim in the United States District Court for the Southern District of Georgia based on his non-selection for various HUD positions for which he applied from 1994 until the date of the complaint. One of these was the position of Program Advisor, GS-0301-15. Mr. Jolley alleged that HUD had violated the Age Discrimination in Employment Act, 29 U.S.C. § 621–634 ("ADEA") by not selecting him for any of the positions. HUD settled the claim with Mr. Jolley on October 4, 2004. Jolley v. Jackson, No. 03-CV-39, slip op. at 1 (Oct. 6, 2004) ("Settlement Agreement"). Pursuant to the Settlement Agreement, HUD paid Mr. Jolley $60,000 and appointed him to a position as an operations specialist, GS-0301-15. Id. at 2. In return, Mr. Jolley agreed to "waive[] and release[] all claims arising from any facts . . . against [HUD] through the effective date of this Agreement." Id.

On November 26, 2007, Mr. Jolley brought an MSPB appeal, alleging that his non-selection for various positions, including the Program Advisor position, violated USERRA. For the positions at issue, HUD announced the vacancies via "dual announcements." In the dual announcement procedure, HUD advertises a position vacancy through a competitive examination listing, which is typically open to applicants from the general public, and also through a merit promotion listing, which is open to applicants already employed by the agency or applicants from outside the agency who have "status" in the competitive service. Veterans receive extra points in the competitive process, thereby boosting their scores and making it more likely they will be

hired, but they do not receive such points in the merit promotion process. With respect to the Program Advisor position, HUD made its dual announcement in 2002. Subsequently, the competitive announcement vacancy was cancelled, and the position was filled through the merit promotion announcement. Mr. Jolley argued before the MSPB that the dual announcement system itself violates USERRA.

The administrative judge ("AJ") to whom Mr. Jolley's appeal was assigned ruled that HUD's practice of using dual vacancy announcements did not violate USERRA. Jolley v. Dep't of Housing & Urban Dev., No. AT-3443-08-0162-I-1, slip op. at 2 (M.S.P.B. March 25, 2008). Further, the AJ determined that the Settlement Agreement precluded Mr. Jolley from raising claims which accrued prior to October 4, 2004, and that a collective bargaining agreement ("CBA") precluded some of the post-2004 claims. Id. The AJ's initial decision became the final decision of the Board on April 29, 2008, after Mr. Jolley declined to petition the Board for review of the initial decision. This appeal followed.

II.

We have jurisdiction over Mr. Jolley's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). We see no error in the decision of the Board in this case.

III.

Mr. Jolley argues that the use of dual announcements violates USERRA. USERRA provides that a veteran "shall not be denied initial employment . . . on the basis of [military service]." 38 U.S.C. § 4311(a) (2006). We have interpreted a violation of USERRA to require "discriminatory animus"—in other words, a veteran must establish he was treated in a harsher manner than were non-veterans. Sheehan v. Dep't of Navy, 240 F.3d 1009, 1014 n.3 (Fed. Cir. 2001). Mr. Jolley argues that dual announcements violate USERRA because an agency can use the merit promotion list to ignore the veteran's preference and thereby manipulate the selection to avoid hiring a veteran. He does not contend, however, that his non-selection was the result of bias directed at him personally.

Although we have not specifically addressed the use of dual announcements in this context, we have evaluated the propriety of using such announcements in light of the Veterans Employment Opportunities Act, Pub. L. No. 105-339, 112 Stat. 3182 (1998) ("VEOA"). As opposed to USERRA, which simply provides that veterans may not be discriminated against, VEOA actually provides veterans a preference in hiring in certain circumstances. It is through VEOA that veterans receive additional points in the competitive hiring process.

In Joseph v. Federal Trade Commission, 505 F.3d 1380 (Fed. Cir. 2007), we held that the use of dual vacancy announcements does not violate VEOA. Mr. Joseph was a preference-eligible veteran who applied for a paralegal position through both the merit promotion and the competitive processes. Joseph, 505 F.3d at 1382. Although he was the top-ranked applicant on the competitive list (which reflected his veteran's

preference), he was only one of the top four candidates on the merit promotion list. Id. Ultimately, the Commission hired someone who applied only via the merit promotion list. Id. Mr. Joseph alleged that he was denied his veteran's preference because the Commission used the merit promotion list to make the hire. Id. at 1383. We held that dual announcements do not run afoul of VEOA because "an agency has the discretion to fill a vacant position by any authorized method. 5 C.F.R. § 330.101; Sherwood v. Department of Veterans Affairs, 88 M.S.P.R. 208, ¶ 10 (2001)" and the merit promotion list is such a method. Id. at 1384 (internal quotations omitted).

Likewise, such announcements do not violate USERRA. USERRA requires equal treatment for veterans, while VEOA actually provides for a veterans preference in some circumstances. See, e.g., 5 U.S.C. §§ 3309–3312 (enumerating some forms of preferential treatment for veterans). The merit promotion list places nonveterans and veterans on equal footing, because it does not add preference points to any application. Thus, it cannot be said that veterans are treated "more harshly than non-veterans" through the use of dual announcements. Farenbacher v. Dep't of Navy, 85 M.S.P.R. 500, 510 (2000), aff'd sub nom Sheehan, 240 F.3d 1009. "The fact that [veterans] were not treated better than non-veterans does not show discrimination." Id. Mr. Jolley alleged no specific facts indicating dual announcements were utilized in a discriminatory way. Therefore, it was not error for the Board to deny corrective action.

Because we find dual announcements do not violate USERRA, we need not address in depth whether the Settlement Agreement or the CBA preclude review of Mr. Jolley's USERRA claims. We note, briefly, however, that Mr. Jolley only specifically alleges facts regarding the 2002 Program Advisor position. This non-selection was

covered by the Settlement Agreement, as it occurred before October 2004. We have specifically acknowledged and enforced settlements of USERRA claims; thus, we find unpersuasive Mr. Jolley's argument that USERRA supersedes such contracts because they "reduce, limit, or eliminate" USERRA rights. 38 U.S.C. § 4302. Although the settlement does not mention USERRA, it does release "all claims arising from any facts . . . through [2004]." Settlement Agreement at 2. We agree with HUD that the language of the agreement indicates that HUD did not intend to subject itself to multiple recoveries stemming from one non-selection. Therefore, Mr. Jolley's contentions as to the Program Advisor position are additionally barred by the Settlement Agreement.

IV.

Mr. Jolley also argues that the Board abused its discretion by failing to address his motion to issue a subpoena requesting documents pertaining to all dual vacancy announcements to which he responded from 1987 to the present. He also argues the Board abused its discretion by failing to rule on his motion for sanctions, alleging that HUD did not provide specifically requested documentation regarding dual announcements to which he responded from 1994 to the present.

The government responds that Mr. Jolley cannot meet his high burden of proving an abuse of discretion and substantial harm or prejudice from the Board's management of discovery. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988) ("This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful."). We agree. Mr. Jolley himself acknowledged that "the issue at stake is a matter of interpretation of law and should not rest upon the individual personal experiences or cases for validation." Complaint at 11 (Nov. 21, 2007). Documentation

relating to specific dual announcements would not help Mr. Jolley prove that the dual announcement procedure itself violates USERRA as a matter of law. Thus, Mr. Jolley has not shown neither an abuse of discretion nor substantial harm or prejudice resulting from the non-disclosure.

For the foregoing reasons, the final decision of the Board is affirmed.