**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TOMMY DURANT,

       Plaintiff-Appellant,

v.

MILLERCOORS, LLC,

       Defendant-Appellee.

No. 10-1246
(D.C. No. 1:09-CV-00735-RPM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

After MillerCoors, LLC, terminated Tommy Durant's employment for

sexual harassment of a female coworker, he filed an action claiming gender

discrimination and retaliation in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e to 2000e-17. He also claimed he was terminated in

retaliation for his 2002 complaint under the Uniformed Services Employment and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Reemployment Rights Act (USERRA), 38 U.S.C. § 4311(b) & (c)(2). The district court granted summary judgment in favor of MillerCoors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

The basic facts are undisputed. Durant began his employment with MillerCoors's predecessor in October 1990, and at the time he was terminated, he worked in the brew house of the MillerCoors brewery. In mid-May 2007, a temporary female worker (Complainant) was assigned to work in the brew house on the same shift as Durant. On September 2, 2007, she reported that Durant had been sexually harassing her and threatening to get her and her son fired from MillerCoors if she told anyone.[1] Durant's supervisor suspended him that day.

MillerCoors conducted an internal investigation of Complainant's charges and issued a confidential report on October 26, 2007, concluding Durant had violated the company's sexual-harassment policy, despite his denial of Complainant's charges. The decision to terminate Durant's employment was made by his immediate supervisor. Thereafter, pursuant to MillerCoors's policy, Durant was afforded an internal appeal, which upheld the termination. In addition, the county sheriff's department investigated Complainant's allegations

---

[1] Although Complainant alleged Durant began harassing her within two weeks of her start date, she did not report the harassment until about three months later, apparently because Durant was gone for significant periods. He was on vacation in June and absent from July 15 through August 2007 due to a injuries sustained in a motor vehicle accident.

and filed criminal charges against Durant. MillerCoors's attorney attended the trial. Following a jury trial, Durant was acquitted of all charges.

Durant sued MillerCoors asserting claims for gender discrimination and retaliation under Title VII and for retaliation under the USERRA. Ruling from the bench, the district court granted summary judgment in favor of MillerCoors. Durant appeals, claiming MillerCoors violated his rights under Title VII by believing Complainant's incredible and unreliable claims of sexual harassment and disregarding his denial. He also asserted the confidential report was a sham because Complainant's allegations were incredible, the investigators did not believe him, and some of the witnesses interviewed for the report later indicated they had not observed Durant harass Complainant. For a Title VII retaliation claim, Durant averred (1) the internal investigation unreasonably believed Complainant, (2) the internal appeal process was unfair, and (3) MillerCoors paid counsel to attend the criminal trial. He also invoked the USERRA, alleging he was terminated in retaliation for filing a USERRA complaint against MillerCoors's predecessor in 2002.

*Standards of Review*

The purpose of a summary judgment motion is to assess whether a trial is necessary. In other words, there must be evidence on which the jury could reasonably find for the plaintiff. A court grants summary judgment for the moving party only where there is no genuine issue as to any material fact in the pleadings, depositions, answers to interrogatories, admissions, and affidavits. When applying this standard, a court must view the factual record in the

-3-

light most favorable to the non-movant. Summary judgment will not lie if the dispute about a material fact is genuine, that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007) (citations omitted) (brackets omitted) (internal quotation marks omitted).

*USERRA Retaliation*

The relevant provisions of the USERRA provide:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has taken an action to enforce a protection afforded any person under this chapter, . . . or . . . has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b).

An employer shall be considered to have engaged in actions prohibited–

. . . .

under subsection (b), if the person's . . . action to enforce a protection afforded any person under this chapter . . . or . . . exercise of a right provided for in this chapter, is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action . . . or exercise of a right.

*Id.* § 4311(c)(2).

The burden is on the employee making a USERRA claim to show his military service was "a substantial or motivating factor in the adverse employment action." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir.

-4-

2001) (internal quotation marks omitted). A retaliatory motive may be inferred "from a close temporal proximity between an employee's protected conduct and an employer's adverse employment action." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1204 (10th Cir. 2008). The five-year span between Durant's 2002 USERRA complaint and his 2007 termination is too long to establish causation based on temporal proximity. *See id.* (noting three months is too long to infer retaliatory motive).

Durant contends, however, he was treated less favorably by his employer shortly after his USERRA complaint because he was moved to a hostile crew, he was no longer favored by management, and he was not offered opportunities to advance. Under the USERRA, a benefit of employment is defined as "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary) . . . ." 38 U.S.C. § 4303(2). Even under a broad construction of the statute, Durant's general assertions of less agreeable employment circumstances, which do not describe "drastically different" job duties, did not constitute an "adverse action or denial of a benefit of employment." *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 931 (8th Cir. 2007). Moreover, Durant's evidence does not indicate the alleged disfavored treatment commenced within three months of his USERRA proceedings and therefore is not evidence of retaliation. *See Hinds*, 523 F.3d at 1204 (recognizing that a pattern of retaliatory conduct commencing within three months of protected activity may qualify as temporally proximate).

Durant also asserts the MillerCoors Director of Employee/Labor Relations, Mark Hines, who was instrumental in resolving the USERRA complaint and who chaired the internal appeal proceedings, was motivated by an antimilitary animus. But Durant conceded his immediate supervisor made the decision to terminate his employment and he had no evidence his supervisor had been influenced by Hines or anyone else. *Cf. Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011) (addressing "cat's paw" theory of liability and holding "if a supervisor performs an act motivated by antimilitary animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA" (footnote omitted)). Accordingly, Durant has failed to carry his burden to show his military service was a substantial or motivating factor in the adverse employment action and summary judgment in favor of MillerCoors was appropriate.

*Gender Discrimination*

Durant, a male, next contends his termination was based on his gender in violation of Title VII.[2] A traditional prima facie case of gender discrimination requires sufficient circumstantial evidence to show: "(1) [plaintiff] is a member of a protected class, (2) [plaintiff] suffered an adverse employment action,

---

[2] Under 42 U.S.C. § 2000e-2(a)(1), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

(3) [plaintiff] was qualified for [his job], and (4) [plaintiff] was treated less favorably than others not in the protected class." *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136, 1142 (10th Cir. 2009). As a member of a historically favored group, however, Durant may not rely on the traditional factors to establish a prima facie case by way of circumstantial evidence, unless, "in lieu of showing that he belongs to a protected group, [he] establish[es] background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Notari v. Denver Water Dep't.*, 971 F.2d 585, 589 (10th Cir. 1992). In the alternative, Durant may rely on direct evidence of discrimination. *Id.* at 590. Durant argues he presented both circumstantial evidence and direct evidence.

For direct evidence of gender discrimination, Durant asserts (1) the internal investigation was biased, false, and unfair; (2) MillerCoors believed Complainant even though her reports were incredible and unreliable; (3) his termination involved the highest level of MillerCoors's human relations department; and (4) he was deprived of his appeal rights. "Direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons." *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1117 (10th Cir. 2007) (brackets omitted) (internal quotation marks omitted). Durant's proffered direct evidence requires an inference that the alleged acts were based on his gender; accordingly, it is not direct evidence of discrimination. *See id.* But even viewing these claims

-7-

as circumstantial evidence, they do not indicate MillerCoors favors women over men.

Durant's circumstantial evidence includes the "Homer James case" and MillerCoors's decision not to discipline a female employee who was determined to have sexually harassed Durant, thus demonstrating MillerCoors favors women.[3] The only information provided about the Homer James case is James sued MillerCoors for falsely accusing him of sexual harassment and won. This vague example is insufficient to show MillerCoors is an unusual employer who discriminates against the majority. As for the female employee, Durant has not established she was similarly situated to him because there was no evidence they had the "same supervisor and [were] subject to the same standards governing performance evaluation and discipline [or were] disciplined for conduct of comparable seriousness." *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) (citations omitted) (internal quotation marks omitted). Consequently, Durant has not adduced evidence to show disparate treatment, *see id.*, nor has he proffered evidence showing background circumstances to support a suspicion that the defendant is an unusual employer who discriminates against the majority. Thus, he has failed to present a prima facie case of gender

---

[3]      Durant also cites to a hostile-environment claim filed by another female employee. He maintains she was treated more favorably than he because her case was assigned to an independent investigator. Durant relies on his own presumption that an internal investigator is more likely to be predisposed against men. This is not evidence.

discrimination and the district court's grant of summary judgment on this claim was correct.

*Title VII Retaliation*

Title VII forbids an employer from retaliating against an individual because the individual "has opposed any practice made an unlawful employment practice" by Title VII or because the individual "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pursuant to Title VII. 42 U.S.C. § 2000e-3(a). To make out a prima facie case, a plaintiff must establish "(1) [he] engaged in protected opposition to discrimination; (2) [he] suffered an adverse action that a reasonable employee would have found material; and (3) a causal nexus exists between [his] opposition and the employer's adverse action." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007).

Durant asserts he engaged in protected opposition to discrimination by counseling Complainant on her job performance and denying her sexual harassment charges. But counseling on job performance is not a practice made unlawful by Title VII. As for his denial of Complainant's charges, Durant apparently contends this qualified as protected opposition to discrimination under Title VII, citing *Kelley v. City of Albuquerque*, 542 F.3d 802, 813 (10th Cir. 2008). But *Kelley*'s statement that Title VII's "'participation clause' protects an employee who . . . defends himself against charges of discrimination" refers to

participation in administrative proceedings brought under Title VII. *Id.* (citing *Deravin v. Kerik*, 335 F.3d 195, 204 (2d Cir. 2003) ("We accordingly hold that defending oneself against charges of discrimination–to the extent that such defense involves actual participation in a Title VII proceeding or investigation–is 'protected activity' within the scope of [42 U.S.C. § 2000e-3(a)] based on a plain reading of the statute's text.")). Durant has failed to make out a prima facie case of Title VII retaliation because he did not establish he engaged in protected opposition to discrimination.

## *Conclusion*

Many of Durant's arguments assert MillerCoors treated him unfairly. But Title VII prohibits only those employment practices that discriminate on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). This court "cannot act as a super personnel department or second-guess [an employer's] good-faith business judgments." *Turner*, 563 F.3d at 1144 (internal quotation marks omitted).

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-10-