NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM B. JOLLEY,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2018-1538

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-17-0728-I-1.

--------------------------------------------------

**WILLIAM B. JOLLEY,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2018-1539

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-18-0074-I-1.

—————————

Decided: October 2, 2018

—————————

WILLIAM B. JOLLEY, Brunswick, GA, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

—————————

Before CHEN, MAYER, and BRYSON, *Circuit Judges.*

PER CURIAM.

William B. Jolley seeks review of two final decisions of the Merit Systems Protection Board (Board) denying his requests for corrective action based on alleged violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301–4335, and the Veterans Employment Opportunities Act (VEOA), 5 U.S.C. §§ 3302–30. We address these two appeals in a single opinion because they cover similar questions and are based on the exact same record. Because the Board correctly determined that it lacked jurisdiction to consider either request, we affirm.

BACKGROUND

Mr. Jolley is a preference-eligible veteran who served with the U.S. Air Force for nine years before being honorably discharged in 1959. Mr. Jolley is also a former employee of the U.S. Department of Housing and Urban Development (HUD). In 2008, HUD transferred Mr. Jolley from his GS-15 Operations Specialist position in

Jacksonville, Florida, to a GS-15 Field Office Director position in Boise, Idaho. He retired on March 31, 2010.

In 2017, Mr. Jolley applied for two HUD vacancies and was not selected to fill either vacancy. On September 27, 2017, Mr. Jolley filed an appeal with the Board alleging that: (1) HUD, as reprisal for Mr. Jolley's pre-2008 allegations that HUD had violated USERRA when it in 2008 reassigned him from Jacksonville, Florida, to Boise, Idaho; and (2) HUD's use of "dual announcements" in the two vacancies Mr. Jolley applied for in 2017 violated USERRA and VEOA by failing to fairly evaluate his applications for those vacancies. This second allegation rests in part on Mr. Jolley's assertion that his non-selection was a retaliatory act by HUD for his various prior claims of USERRA violations. Mr. Jolley requested an order requiring HUD to assign Mr. Jolley to a GS-15 supervisory position east of the Mississippi River as of April 1, 2010, and to provide him with associated back-pay.

On September 29, 2017, the Board issued an order directing Mr. Jolley to show good cause as to why his appeal should not be dismissed for attempting to appeal a claim that had already been raised in an earlier appeal. Mr. Jolley has previously appealed a decision finding that his directed reassignment complied with USERRA. *See Jolley v. Merit Systems Protection Board*, 636 Fed. App'x 567 (Fed. Cir. 2016). That case is currently pending at the Board after remand from this Court. On October 5, 2017, Mr. Jolley responded to the Board's order, acknowledging that the present appeal concerns the same matter being considered in the 2016 appeal and asserting that there has not been sufficient action taken by the Board to resolve the issue.

On September 29, 2017, the Board issued a second order addressing the USERRA allegations relating to Mr. Jolley's non-selection for two positions. In that second

order, the Board stated that there was a question as to whether the appeal was within the Board's jurisdiction. The Board set out the circumstances under which it would have jurisdiction over a USERRA appeal and ordered Mr. Jolley to show good cause why it had jurisdiction over his appeal, including any specific allegations and evidence that Mr. Jolley's uniformed service was a substantial or motivating factor in HUD's decision in selecting who would fill the 2017 vacancies.

On October 5, 2017, Mr. Jolley responded to the second order, alleging that "a substantial and motivating factor" in HUD's decision not to choose him for the 2017 HUD vacancies was due to his complaint that he had not been chosen for prior 2016 HUD vacancies on account of his veteran status. Mr. Jolley then provided a chronology from 2004 through 2017 of instances where HUD allegedly discriminated against him. HUD filed an agency response, and Mr. Jolley replied two days later.

On November 17, 2017, the Board issued an initial decision explaining that the directed reassignment matter was not properly at issue in this appeal because it is currently pending before the Board in a separate appeal. The Board dismissed the USERRA complaint for lack of jurisdiction because Mr. Jolley failed to assert a non-frivolous allegation, due to the conclusory and vague nature of the complaint. The Board found that Mr. Jolley did not allege sufficient facts to show that his uniformed service was a substantial and motivating factor in his failure to be chosen for the HUD vacancies.

The Board docketed Mr. Jolley's VEOA claim relating to the 2017 HUD vacancy announcements as a separate appeal. On November 3, 2017, the Board issued an order explaining what the statute requires for the Board to have jurisdiction over a VEOA appeal and requesting proof that Mr. Jolley complied with those requirements. Among the requirements was 5 U.S.C. § 3330(a)(1)(A)'s

need for the appellant to establish that he exhausted his Department of Labor administrative remedy before bringing an appeal to the Board. Mr. Jolley responded with a motion noting his disagreement with the Board's *sua sponte* docketing of a separate appeal for the VEOA issue and asking the Board to dismiss the VEOA appeal so that his USERRA and VEOA-based appeals could be heard in a single case. On November 7, 2017, the Board denied Mr. Jolley's motion, citing its discretionary authority to regulate the course of appeals. On November 16, 2017, Mr. Jolley responded, maintaining his request to dismiss the VEOA appeal and confirming that he has not filed the requisite complaint with the Department of Labor in order for the Board to have jurisdiction over the VEOA appeal. The Board denied the VEOA appeal for lack of jurisdiction, citing both Mr. Jolley's failure to file a complaint with the Department of Labor and Mr. Jolley's failure to assert a non-frivolous allegation that HUD's decisions not to choose him to fill the vacancies violated the VEOA.

Mr. Jolley appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a final decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review *de novo* the Board's determinations concerning jurisdiction but review for substantial evidence factual findings that underlie the Board's jurisdictional analysis. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

The Board's jurisdiction is limited to that expressly granted by statute, rule, or regulation. *See* 5 U.S.C. § 7701(a); *Delalat v. Dep't of Air Force*, 557 F.3d 1342,

1343 (Fed. Cir. 2009). The burden is on the petitioner to establish the Board's jurisdiction over his or her appeal by a preponderance of the evidence. *Delalat*, 557 F.3d at 1343. If the appellant makes non-frivolous allegations, the Board should hold a hearing for the appellant to present further evidence. *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1332 (Fed. Cir. 2006).

As the Board noted, the issue of whether the Board properly dismissed Mr. Jolley's appeal regarding his reassignment from Florida to Idaho is currently pending in front of the Board after remand from this court in a separate matter. *See Jolley v. Merit Sys. Prot. Bd.*, 636 F. App'x 567, 569–70 (Fed. Cir. 2016). That issue is therefore not properly on appeal in this proceeding.

Moreover, as to Mr. Jolley's attack against the use of "dual announcements" to fill a vacancy, we have already decided that dual announcements comply with both the VEOA and USERRA.[1] *See Joseph v. FTC*, 505 F.3d 1380, 1385 (Fed. Cir. 2007) (holding that the use of dual announcements does not violate the VEOA).

As we explained in *Joseph*, federal agencies generally use two types of selection to fill vacancies: (1) an open "competitive examination" process, and (2) the "merit promotion" process. 505 F.3d at 1381. When an agency uses both types of hiring processes for a particular position, it issues "dual announcements." The open competitive examination generally is used for employees seeking to join the competitive service and often is used for reviewing applicants outside the agency. *Id.* Under this

---

[1] In a non-precedential opinion, we have previously rejected a prior challenge by Mr. Jolley under USERRA to HUD's use of dual announcements. *Jolley v. Dep't of Hous. & Urban Dev.*, 299 F. App'x 966, 968 (Fed. Cir. 2008).

process, applicants for employment are given a numerical rating and placed on a list of qualified personnel for appointment. *Id.* (citing 5 C.F.R. § 2.1). The applicants with the three highest ratings are submitted to the appointing official, who is ordinarily required to select one of them. *Id.* (citing 5 U.S.C. § 3318(a) (1978)). Under the VEOA, veterans seeking such employment receive special advantages, including five or ten points being added to their scores and being ranked ahead of candidates with the same score. *Id.* at 1381–82.

The merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service. *Id.* at 1382 (citing 5 C.F.R. § 335.103(b)(1)). Veterans' point preferences under the competitive appointment process do not apply in the merit promotion process, but veterans may not be denied the opportunity to apply. *Id.* (citing 5 U.S.C. §§ 3304(f)(3)-(4)).

In *Joseph*, we looked to *Abell v. Department of the Navy*, 343 F.3d 1378 (Fed. Cir. 2003), to provide guidance. *Joseph*, 505 F.3d at 1384–85. In *Abell*, we determined that use of dual vacancy announcements did not violate the VEOA. 343 F.3d at 1384–85. We concluded that because the veteran was given the opportunity to compete in the process, which was all that the VEOA required, the Navy's decision to fill the position through the merit promotion system rather than through the competitive process did not violate the veteran's rights. *Id.* We then adopted the same reasoning and result in *Joseph* to determine that dual vacancy announcements did not violate the VEOA. 505 F.3d at 1384–85.

We have interpreted a violation of USERRA to require "discriminatory animus," or that the veteran be treated in a harsher manner than non-veterans. *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 n.3 (Fed. Cir. 2001). Here, Mr.

Jolley did not allege specific facts indicating that dual announcements were utilized in a discriminatory way.

To prove a USERRA violation, an appellant bears the initial burden of showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the adverse employment action. *See Sheehan*, 240 F.3d at 1013. Mr. Jolley alleges he would have been selected to fill the 2017 HUD vacancies "if the competition had been fairly administered in accordance with law." Appeal No. 2018-1538 Appendix 25. Mr. Jolley then alleges that the fact that he appealed his 2016 non-selections to the Department of Labor and the Board was a substantial and motivating factor for him not being selected to fill the 2017 vacancies. *Id.* Mr. Jolley does not provide anything more specific to support these otherwise conclusory allegations.

On the record presented, we agree that Mr. Jolley did not meet his burden of making non-frivolous allegations that HUD violated the VEOA or USERRA by not selecting Mr. Jolley for the 2017 vacancies. Accordingly, we agree that the Board does not have jurisdiction to hear Mr. Jolley's VEOA and USERRA claims. We also agree that the Board lacks jurisdiction to hear the VEOA appeal because Mr. Jolley did not exhaust his Department of Labor remedy.

For the foregoing reasons, the final decision of the Board is affirmed.

**AFFIRMED**