NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM B. JOLLEY,**
*Petitioner*

**v.**

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**
*Respondent*

---

2022-1882

---

Petition for review of the Merit Systems Protection Board in Nos. AT-3330-17-0060-I-1, AT-4324-17-0235-I-1.

---

Decided: August 11, 2023

---

WILLIAM B. JOLLEY, Brunswick, GA, pro se.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, STEVEN J. GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

William B. Jolley appeals a Merit Systems Protection Board ("Board") decision affirming denial of his claims that he was (1) denied an opportunity to compete under the Veterans Equal Opportunities Act of 1998 ("VEOA") and (2) discriminated against based on his military service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). We affirm.

BACKGROUND

Mr. Jolley is a preference-eligible veteran who retired from a Field Office Director ("FOD") position at the Department of Housing and Urban Development ("HUD") in Boise, Idaho. App'x 2.[1] HUD later placed dual announcements under both merit promotion procedures and HUD's delegated examining authority for an FOD position in Charleston, West Virginia. App'x 2. The application required at least one year of specialized experience with disaster preparedness and recovery at the GS-14 level. App'x 47, 50. After Mr. Jolley applied, a human resources specialist determined that he was not qualified because his resumé did not demonstrate any experience with disaster preparedness or recovery. App'x 3.

Mr. Jolley then submitted a Freedom of Information Act request to HUD. After reviewing this request, HUD communicated to Mr. Jolley that it had erroneously considered him not qualified during the application process. App'x 3. HUD later determined, however, that it properly concluded Mr. Jolley was not qualified but offered him priority consideration for any future FOD position in Charleston. App'x 3.

---

[1]    "App'x" refers to the appendix attached to the government's informal brief.

HUD narrowed its consideration to two candidates for the FOD position and selected one. App'x 56. Mr. Jolley filed a motion before the Board that discussed the qualifications of the final two candidates. App'x 59. He acknowledged that one candidate demonstrated the requisite disaster recovery and preparedness experience, App'x 62 ¶ 6, but he argued that the selected candidate lacked it. Although the selected candidate's resumé detailed her disaster preparedness and recovery qualifications: "Coordination of agency and statewide policies for disaster recovery plans for proper administration of offices, data, and continuation of services in the event of such issues," App'x 62 ¶ 7, Mr. Jolley argued that she was not qualified because disaster preparedness experience can come only after there is a disaster, App'x 62 ¶ 9.

Mr. Jolley exhausted his agency remedies by submitting a VEOA complaint challenging his nonselection for the Charleston FOD position to the Department of Labor ("DOL"). App'x 3. After an investigation, DOL concluded that the evidence did not support his VEOA allegations, so Mr. Jolley appealed to the Board. Mr. Jolley raised a USERRA claim during the proceedings before the Administrative Judge ("AJ"), so the AJ separately docketed a new case for his USERRA claim and treated the two separately. App'x 8–9.

In the VEOA case, the AJ determined Mr. Jolley's resumé reflected that he was not qualified for the FOD position. *Jolley v. Dep't of Hous. & Urban Dev.*, No. AT-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-I-1, 2017 WL 3980895 (M.S.P.B. Sept. 8, 2017). Mr. Jolley claimed he submitted a different resumé with his application to HUD than the one included in the agency record before the AJ. *Compare* App'x 53 (resumé HUD presented to the Board), *with* App'x 54 (resumé Mr. Jolley presented to the Board). The AJ determined neither resumé contained any information that would demonstrate experience with disaster preparedness and recovery, let alone at the GS-14 level. The AJ further found that Mr.

Jolley's prior experience as an FOD did not automatically qualify him for the FOD position in Charleston because each FOD position may require different skillsets. *Jolley*, 2017 WL 3980895; *see also* App'x 57 ¶¶ 4–7. The AJ thus concluded that Mr. Jolley was not denied an opportunity to compete for the FOD position. *Jolley*, 2017 WL 3980895. The AJ also rejected Mr. Jolley's argument that HUD violated the VEOA by selecting an unqualified applicant, reasoning that other applicants' qualifications were irrelevant when Mr. Jolley himself was not qualified. *Id.* at n.7.

In the USERRA case, the AJ determined that the Board lacked jurisdiction over the matter because Mr. Jolley did not make out a non-frivolous claim for relief. Specifically, the AJ concluded that Mr. Jolley could not show that HUD discriminated against him due to his military service since HUD determined he was not qualified. *Jolley v. Dep't of Hous. & Urban Dev.*, No. AT-4324-17-0235-I-1, 2017 WL 2435161 (M.S.P.B. May 31, 2017). In the alternative, the AJ determined that Mr. Jolley's claim failed on the merits because his lack of qualifications meant he could not demonstrate that his military service was a substantial or motivating factor for the decision under the rule articulated in *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). *Jolley*, 2017 WL 2435161, at n.5.

On appeal to the Board, Mr. Jolley raised several arguments under the VEOA and USERRA. Under the VEOA, he challenged the determination he was not qualified, disputed the qualifications of the applicant who was selected, argued the AJ erred by not requiring the agency to timely provide the list of candidates for the Charleston FOD announcements, argued that HUD violated 5 U.S.C. § 3317(a) by having a final applicant list that only included two candidates, and argued that HUD violated 18 U.S.C. § 1917(2) by falsely reporting on the examination of the selected candidate when reviewing her resumé. Under USERRA, Mr. Jolley challenged the conclusion that HUD did not discriminate against him, argued that HUD admitted it

discriminated against him through its letter stating he was erroneously deemed not qualified, argued that the use of dual announcements violated USERRA, and argued that the AJ erred by not requiring HUD to timely provide the full administrative record.

The Board upheld the VEOA and USERRA determinations in a consolidated case. *Jolley v. Dep't of Hous. & Urban Dev.*, Nos. AT-3330-17-0060-I-1, AT-4324-17-0235-I-1, 2022 WL 1597455 (M.S.P.B. May 20, 2022). First, the Board concluded that the right to compete does not preclude elimination of an unqualified candidate. *Id.* at *3. The Board agreed with the AJ's findings that the Charleston FOD position required disaster preparedness and recovery experience and that Mr. Jolley demonstrated no such experience. *Id.* Second, the Board agreed with the rejection of Mr. Jolley's USERRA claim on the merits because his lack of qualifications meant he could not demonstrate that his military service was a substantial or motivating factor in HUD's determination that he was not qualified for the Charleston FOD position. *Id.* at *5. However, the Board disagreed with the AJ's dismissal of the USERRA claim for lack of jurisdiction, determining that Mr. Jolley had nonfrivolously alleged jurisdiction under USERRA. *Id.* The Board also concluded the dual announcement did not violate USERRA and that HUD's letter to Mr. Jolley stating he was erroneously deemed not qualified did not change the Board's analysis. *Id.*

The Board rejected several other challenges to the selection process, including challenges under 18 U.S.C. § 1917(2) and 5 U.S.C. § 3317(a), *id.* at *3 n.5, and challenges to the agency's alleged failure to include the full administrative record before the Board, *id.* at *4, *6 n.8.

Mr. Jolley timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm a decision of the Board unless we find it "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021) (quoting *Shapiro v. Soc. Sec. Admin.*, 800 F.3d 1332, 1336 (Fed. Cir. 2015)). "The petitioner bears the burden of establishing error in the [Board's] decision." *Jenkins v. MSPB*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (quoting *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)).

On appeal to this court, Mr. Jolley makes three classes of arguments. First, he challenges the denial of his VEOA claim. Second, he challenges the denial of his USERRA claim. Third, he asserts the Board committed several miscellaneous legal and procedural errors. We address each in turn.

A

The VEOA requires that preference-eligible veterans be given an opportunity to compete for a position within the federal government. 5 U.S.C. § 3304(f)(1). The opportunity to compete is largely synonymous with the opportunity to apply for a job. *Abell v. Dep't of Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003). This opportunity is satisfied if a veteran is entitled to participate in an application on the same grounds as other candidates. *Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1357, 1360 (Fed. Cir. 2016). One important criterion for participation under the VEOA is that the applicant must be qualified. *Lazaro v. Dep't of Veterans Affs.*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). An unsuccessful application is thus not a denial of an opportunity to compete, so long as the application was considered on the same

grounds as other candidates. *Joseph v. FTC*, 505 F.3d 1380, 1384 (Fed. Cir. 2007).

Mr. Jolley first challenges the Board's affirmance of the AJ's determination that he was not qualified for the position. We discern no error. Mr. Jolley argues legal error because USERRA, not the VEOA, provides the proper definition of qualified. USERRA defines "qualified" as "having the ability to perform the essential tasks of the position." 38 U.S.C. § 4303(9). Even if the USERRA definition applied, we see no difference between that standard and the one applied by the Board, so we decline to disturb its ruling on that basis. Moreover, the Board relied on substantial evidence in determining Mr. Jolley was not qualified. Neither resumé submitted before the Board contains any information demonstrating experience with disaster preparedness or recovery. App'x 53–54.

We also affirm the Board's rejection of Mr. Jolley's argument that HUD violated the VEOA by selecting a candidate he deemed unqualified. Specifically, Mr. Jolley has not demonstrated how his criticism of the selected candidate's qualifications renders the Board's conclusion that *he* was unqualified as lacking substantial evidence. And "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro*, 666 F.3d at 1319 (citing *Ramsey v. OPM*, 87 M.S.P.R. 98, ¶ 9 (2000)).

We additionally conclude that the Board did not err by denying Mr. Jolley's challenge to the opportunity to compete under 5 U.S.C. § 3317(a).[2] Since he is not qualified for

---

[2]    Section 3317(a) requires "[t]he Office of Personnel Management" to "certify enough names from the top of the appropriate register to permit a nominating or appointing authority who has requested a certificate of eligibles to consider at least three names for appointment to each vacancy in the competitive service."

the FOD position, VEOA provisions like § 3317(a) do not apply. *See Lazaro*, 666 F.3d at 1319. Indeed, the VEOA states that subsection (f) (the basis for Mr. Jolley's claim) "shall not be construed to confer an entitlement to a veterans' preference that is not otherwise required by law." 5 U.S.C. § 3304(f)(3). We thus affirm the Board on its rejection of the VEOA claim.

B

USERRA prohibits discrimination in employment on the basis of military service. An employer violates USERRA if a person's military service is a "motivating factor" in the employer's adverse action. 38 U.S.C. § 4311(c). An employee claiming a USERRA violation must make an initial showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the employment action. *Sheehan*, 240 F.3d at 1013. If this requirement is met, the employer then has to show by a preponderance of the evidence that it would have "taken the adverse action anyway, for a valid reason" to defeat the USERRA action. *Id.* at 1014.

The Board did not err by affirming the AJ's rejection of Mr. Jolley's USERRA claim. The only evidence in the record provides substantial evidence for the Board's conclusion that HUD rejected Mr. Jolley's application because he lacked the necessary qualifications, not due to his military service. Mr. Jolley's additional argument that HUD violated USERRA by creating a dual posting for the FOD director is without merit and is one we have previously rejected. *See Joseph*, 505 F.3d at 1384–85 (dual announcements do not violate the VEOA); *see also Jolley v. Dep't of Hous. & Urban Dev.*, 299 F. App'x 966, 968–69 (Fed. Cir. 2008) (extending *Joseph* to hold that dual announcements do not violate USERRA); *Jolley v. Dep't of Hous. & Urban Dev.*, 752 F. App'x 964, 967–68 (Fed. Cir 2018) (same). We affirm the Board's rejection of the USERRA claim.

## C

The Board properly rejected Mr. Jolley's claim that the AJ acted improperly by not requiring HUD to timely submit the list of candidates for the FOD posting in the VEOA case and by not considering his rebuttal evidence. Mr. Jolley argues that HUD submitted the candidate list near the close of the record and thus that he should have had an opportunity to respond to the evidence under 5 C.F.R. § 1201.59(c)(2). The evidence he sought to submit related to the selected candidate's alleged lack of qualifications. App'x 59–63. As discussed above, Mr. Jolley has not demonstrated how this evidence alters his lack of qualifications. Thus, the Board did not abuse its discretion by not considering his rebuttal evidence.

We further affirm the Board's rejection of Mr. Jolley's claim under 18 U.S.C. § 1917(2).[3] He alleged that HUD hired the selected candidate based on a political recommendation. The record lacked any evidence supporting this claim, so the Board relied on substantial evidence in rejecting it.

Mr. Jolley did not make his remaining arguments, including, for example, that HUD should have conducted a job analysis under 5 C.F.R. § 300.103 and that HUD must reorganize its field office under 42 U.S.C. § 3535(p), before the Board. We thus decline to consider them.[4]

---

[3]    18 U.S.C. § 1917(2) prohibits the willful and corrupt false marking, grading, estimating, or reporting on the examination or proper standing of an individual examined.

[4]    We also deny as baseless Mr. Jolley's outstanding motion to show that the government committed fraud on the court. *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550 (Fed. Cir. 1987) ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself . . . where

CONCLUSION

We have considered Mr. Jolley's remaining arguments and find them unpersuasive and/or unsupported. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.

---

the impartial functions of the court have been directly corrupted." (quoting *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983)).