**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL STARR,

      Plaintiff - Appellant,

v.

QUICKTRIP CORPORATION,

      Defendant - Appellee.

No. 15-5079
(D.C. No. 4:14-CV-00621-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Paul Starr sued his former employer, QuickTrip Corporation, claiming it violated certain provisions of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4335. The district court granted summary judgment in favor of QuickTrip and Starr appeals. We affirm in part, reverse in part, and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Starr is a former Marine who worked for QuickTrip while serving in the Oklahoma National Guard. In 2007, he left the company temporarily to complete a yearlong deployment in Iraq, and again in 2011 for a nine-month tour in Afghanistan.

In June 2012, Starr returned to work at QuickTrip after his Afghanistan deployment. In August 2012, QuickTrip fired Starr for violating its written two-hour "No Call/No Show" policy three times in just over a month. According to the policy, an "employee that arrives more than two hours late for [his] scheduled start time and has not called to inform [his] immediate supervisor of being tardy" is subject to a written warning for the first offense and termination for the second offense, though "[e]ach circumstance is reviewed on an individual basis." Aplt. App. at 84.

On July 20, 2012, Starr violated the policy, but QuickTrip chose not to give him a written warning in view of his recent military service. When Starr violated the policy a second time less than a week later, QuickTrip gave him a written warning. The warning, which Starr signed, described the two-hour policy and advised Starr that his next violation would "result in further disciplinary action including termination." *Id*. at 96. It also stated that "[t]his is the employee's last chance to improve; termination will result if the problem is not resolved." *Id*. (emphasis omitted). Soon after his second violation, Starr met with QuickTrip's personnel manager. Starr testified that, despite the written warning, the personnel manager told Starr he "would be okay" if he missed a shift as long so he called his supervisor "[b]efore the start of the next working day." *Id*. at 66. On August 28, 2012, Starr

failed to report for work or call within two hours of his start time,[1] and was later fired for failing to do so.

Starr sued QuickTrip for premature termination under 38 U.S.C. § 4316(c)(1) and for discriminatory termination under § 4311(a). The district court granted summary judgment in favor of QuickTrip on both claims and Starr appeals.

## II. Summary Judgment

We review the grant of summary judgment de novo. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (internal quotation marks omitted). A fact is material if it is essential to the disposition of the claim. *Id*.

At the summary-judgment stage, the court must view the evidence in the light most favorable to the nonmoving party, and must resolve all factual disputes and make all reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). The court may not make credibility determinations or weigh evidence, which are functions of the jury, not the judge. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[1] Starr testified that he asked his wife to notify QuickTrip of his absence, and his wife testified that she did so about four hours after Starr's shift began.

3

### III. Premature Termination

The district court erred by granting summary judgment on Starr's premature termination claim because Starr has raised a genuine dispute about whether he had notice that his failure to comply with the written two-hour policy could result in termination.

Under 38 U.S.C. § 4316(c)(1), a reemployed service-member "shall not be discharged from such employment, except for cause . . . within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 180 days." To prove cause, an employer must show (1) that it was reasonable to terminate the employee based on his conduct, and (2) that the employee had express or implied notice that the conduct in question would give the employer cause to terminate him. 20 C.F.R. § 1002.248(a).

Starr claims QuickTrip's submissions failed to show he had notice he would be fired for violating the written two-hour policy. He says that the company made exceptions for him in the past and that the personnel manager had told Starr soon before his firing that he "would be okay" as long as he called his supervisor before the next day, which his wife did.[2] The district court rejected this argument, reasoning that QuickTrip did not lose the right to enforce its written policy by previously having been willing to forgive Starr's earlier violations. It also concluded that, even if the personnel manager had told Starr he could call anytime before the next day, "no

---

[2] QuickTrip does not argue that Starr was required to call himself, only that the call was required to come within two hours after his shift began.

reasonable factfinder could conclude that Starr reasonably relied on the alleged statement." Aplt. App. at 209-10.

We agree with the district court that QuickTrip's willingness to excuse Starr's prior violations did not bar it from enforcing its written policy on this occasion. QuickTrip chose not to give Starr a written warning after his July 20, 2012, violation in view of Starr's recent military service, and it chose not to terminate Starr after he violated the policy in 2009 and 2010. QuickTrip's willingness to forgive these violations after-the-fact did not affect its right to fire Starr for continuing to violate the policy. *See To v. U.S. Bancorp*, 651 F.3d 888, 893 (8th Cir. 2011) (employer did not "forfeit its right to rely on written policies by being willing to occasionally forgive violation of those policies in the face of extenuating circumstances and equitable concerns").

But accepting as true Starr's account of the personnel manager's statements and drawing all reasonable inferences in his favor, we believe a rational jury could find that the personnel manager's promise to excuse a missed shift as long as Starr called before the next working day deprived Starr of notice that violating QuickTrip's written policy could result in termination. Especially given QuickTrip's willingness to deviate from its policy in the past, a rational jury could find that Starr reasonably relied on the personnel manager's assurance that he would be given similar leeway in the future. Finally, while we agree with the district court that allowing Starr to call anytime before the next day would not give QuickTrip an opportunity to cover for his absence, we have no reason to believe the company's written policy—which allows employees to

5

notify their supervisors of their absence up to two hours after their shift begins—would do much better. We therefore conclude there is a genuine dispute on this issue.

QuickTrip points out that the personnel manager denied giving Starr permission to deviate from the written policy, and argues that Starr's "uncorroborated and self-serving" testimony regarding the personnel manager's statements is not enough to create a genuine dispute of fact. Aplee. Br. at 21. But it is only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party [that] there is no genuine issue for trial." *Pinkerton v. Colo. Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (internal quotation marks omitted). A plaintiff's testimony alone may be enough. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1309 (10th Cir. 2007) (plaintiff's sworn testimony was "sufficient to establish a triable fact issue"); *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010) ("[W]e long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.' If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts." (citation omitted)). The conflict between Starr's account and the personnel manager's does not render Starr's testimony so "blatantly contradicted by the record . . . that no reasonable jury could believe it." *See Scott v. Harris*, 550 U.S. 372, 380 (2007). It merely presents a conflict in the evidence for the jury to resolve. *See Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1128 (10th Cir. 2002) ("It is the province of the jury, and not th[e] court, to resolve conflicts in the evidence.").

6

In sum, we conclude that a genuine dispute exists whether Starr had notice that failing to notify QuickTrip of his absence within two hours after his shift began could result in termination. The district court therefore erred by granting summary judgment on Starr's premature termination claim.

## IV. Discriminatory Termination

In contrast, the district court rightly granted summary judgment on Starr's discriminatory termination claim.

The USERRA prohibits employers from terminating service-members based on their membership in or obligations to the armed services. 38 U.S.C. § 4311(a). An employee who brings a discriminatory-termination claim bears the initial burden of proving by a preponderance of the evidence that his status as a service-member was "a motivating factor" in the termination. *See* 38 U.S.C. § 4311(c)(1); *Coffman v. Chugach Support Serv., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005); *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). The employee need not show his status was the sole cause of his termination, but only "one of the reasons that the employer took action against him." 20 C.F.R. § 1002.22; *see also Coffman*, 411 F.3d at 1238. If the employee makes this showing, "the employer has the burden to prove the affirmative defense that it would have taken the action anyway." § 1002.22.

Starr claims certain comments by his supervisor show that anti-military animus played a part in QuickTrip's decision to fire him. Specifically, Starr testified that when he returned to QuickTrip after his tour in Afghanistan, his supervisor (who, like Starr, is a former Marine) asked Starr whether he had "got all of his killing done,"

7

Aplt. App. at 148, and told him "[y]ou ought to just go back into the military since you like it so much," *id*. at 133. It's true that a discriminatory motive "may be reasonably inferred from," among other things, "an employer's expressed hostility towards [service-]members." *Sheehan*, 240 F.3d at 1013. But while Starr's supervisor's comments may be insensitive, they do not unambiguously express an anti-military sentiment—especially in this context, where the supervisor is a former service-member himself. And even if the comments had revealed a hostility toward service-members, "[i]solated remarks, unrelated to the disputed employment action, are insufficient to demonstrate discriminatory animus." *Stover v. Martinez*, 382 F.3d 1064, 1077 (10th Cir. 2004). We agree with the district court that Starr failed to establish any connection between his supervisor's comments and Starr's termination.[3] Because a rational trier of fact could not conclude from these comments that anti-military animus played a part in Starr's termination, the district court properly granted summary judgment on Starr's discriminatory termination claim.

---

[3] *Tomsic v. State Farm Mutual Automobile Insurance Co.*, 85 F.3d 1472 (10th Cir. 1996), does not require us to conclude otherwise. Unlike *Tomsic*, neither the timing of Starr's supervisor's comments nor any inconsistent explanations for Starr's termination calls into question QuickTrip's proffered reason for firing him.

## V. Conclusion

We affirm the district court's order granting summary judgment in part, reverse in part, and remand for further proceedings consistent with this order and judgment.

Entered for the Court


Gregory A. Phillips
Circuit Judge