FILED
United States Court of Appeals
Tenth Circuit

March 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL STARR, an individual,

    Plaintiff - Appellant,

v.

QUIKTRIP CORPORATION, a domestic
for-profit corporation,

    Defendant - Appellee.

No. 17-5024
(D.C. No. 4:14-CV-00621-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Paul Starr seeks a new trial on his claim that QuikTrip violated a provision of

the Uniformed Services Employment and Reemployment Rights Act (USERRA) by

firing him shortly after he returned from military deployment. But Starr has not

shown there was any reversible error, so we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I. Background**

Starr was a QuikTrip employee who also served in the Oklahoma National Guard.  In the course of his service, Starr left QuikTrip temporarily for two deployments.  Shortly after returning from his second deployment—a nine-month tour in Afghanistan—QuikTrip fired Starr for repeatedly violating a company attendance policy.

Starr sued QuikTrip for discriminatory termination under 38 U.S.C. § 4311(a) and premature termination under 38 U.S.C. § 4316(c)(1).  The district court granted summary judgment in favor of QuikTrip on both claims.  Starr appealed the district court's ruling and we reversed in part.  *See Starr v. QuikTrip Corp.*, 655 F. App'x 642, 643 (10th Cir. 2016) (unpublished).  We agreed QuikTrip was entitled to summary judgment on Starr's discriminatory termination claim, but concluded his premature termination claim involved a genuine dispute of material fact.  *Id*. at 645.

On remand, the district court held a trial on Starr's premature termination claim.  The premature termination provision of the USERRA prohibits employers from discharging a reemployed service member "except for cause . . . within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 180 days."  § 4316(c)(1).  There was no dispute that QuikTrip fired Starr within a year after returning from a deployment longer than 180 days, so the only question was whether QuikTrip had the requisite cause to terminate him.  This required QuikTrip to show (1) it was reasonable to fire Starr based on his conduct and (2) Starr had express or implied notice the conduct in question would

2

give QuikTrip cause to fire him. *See* 20 C.F.R. § 1002.248(a). The jury found that QuikTrip satisfied both requirements and the district court entered judgment in its favor. After an unsuccessful motion for a new trial, Starr appealed.

## II. Analysis

Starr makes three arguments on appeal. First, he argues the district court erred by denying his *Batson* challenge to two of QuikTrip's peremptory strikes. Second, he argues the court erred by excluding certain evidence of his military service. And third, he argues QuikTrip violated the district court's bifurcation order by referring to damages in its closing argument. We reject these arguments and affirm.

### A. Batson Challenge

During jury selection, QuikTrip used two of its four peremptory strikes to remove potential jurors with prior military service. Starr objected, arguing the strikes were "inappropriate." Aplt. App. at 190. The district court interpreted the objection as an Equal Protection challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), and overruled Starr's objection. We see no error.

In *Batson*, the Supreme Court held that striking potential jurors solely on account of their race violated the Equal Protection Clause. 476 U.S. at 89. Courts have applied this rule in civil cases and extended it to prohibit peremptory strikes based on gender and religious affiliation. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 616 (1991) (civil case); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 146 (1994) (gender); *United States v. Brown*, 352 F.3d 654, 668 (2d Cir. 2003) (religious affiliation).

3

A party raising a *Batson* challenge must first make a prima facie showing the strike was based on a protected class. *Snyder v. Louisiana*, 552 U.S. 472, 476 (2008). Starr's challenge fails this first step.[1] Unlike classifications based on race, gender, and religion, classifications based on military service have never received heightened scrutiny under the Fourteenth Amendment. And Starr has not shown heightened scrutiny is warranted. Prior military service is not an immutable attribute. *See Hassan v. City of New York*, 804 F.3d 277, 301 (3d Cir. 2016) (recognizing courts "have looked with particular suspicion on discrimination based on immutable human attributes" (internal quotation marks omitted)). Perhaps more importantly, "[v]eterans are not a class saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *Sturgell v. Creasy*, 640 F.2d 843, 852 (6th Cir. 1981) (internal quotation marks omitted).

Unless they target groups subject to heightened protection under the Fourteenth Amendment, parties are generally free to use peremptory strikes to remove potential jurors belonging to any group they think will favor the other side. *See J.E.B.*, 511 U.S. at 143 ("Parties may . . . exercise their peremptory challenges to

---

[1] This court has not explicitly stated which standard we apply when reviewing district court rulings at *Batson*'s first step, but other circuits have applied the clear error standard. *See, e.g., United States v. Bergodere*, 40 F.3d 512, 516 (1st Cir. 1994); *Tolbert v. Page*, 182 F.3d 677, 684 (9th Cir. 1999) (collecting cases). We need not decide which standard applies in this case because Starr's challenge fails even de novo review.

remove from the venire any group or class of individuals normally subject to 'rational basis' review.").  We have therefore refused to apply *Batson* to prohibit strikes based on prospective jurors' occupation or beliefs.  *See United States v. Davis*, 40 F.3d 1069, 1077 (10th Cir. 1994) (rejecting argument that *Batson* prohibits striking teachers because a disproportionate share of teachers are women); *United States v. Prince*, 647 F.3d 1257, 1261 (10th Cir. 2011) (concluding *Batson* does not prohibit excluding prospective jurors based on their views of marijuana legalization).  Starr cites no cases—and we have found none—prohibiting peremptory strikes based on military service.

We conclude *Batson* does not prohibit peremptory strikes based on a prospective juror's prior military service.  *Cf. J.E.B.*, 511 U.S. at 143 n.16 (stating challenges based on military experience, without a showing of pretext, "may well not be unconstitutional[] since they are not gender or race based"); *Coulter v. Gilmore*, 155 F.3d 912, 921 (7th Cir. 1998) (describing prior military service as a facially neutral reason to strike a prospective juror).  The district court did not err by denying Starr's *Batson* challenge.

### B. Evidence of Starr's Military Service

Starr argues the district court erred by excluding evidence of his military service, including "critical military documents that stated the many decorations and citations he had received defending this country" and that "provided information as to what . . . [he] endured while at war."  Opening Br. at 11.  We see no abuse of discretion.  *See United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002) ("We

5

review questions concerning the admission of evidence under an abuse of discretion standard.").

Contrary to Starr's suggestion, the district court did not exclude all evidence of his military service. Rather, it allowed him to present evidence of his service to the extent it caused problems he communicated to QuikTrip. *See* Aplt. App. at 23-24. Starr does not explain why additional details of his military service were relevant to the issues at trial, which were the reasonableness of his termination and whether he had notice his conduct could result in termination. And Starr points to no clearly erroneous factual findings, errors of law, or clear errors of judgment on the part of the district court. As a result, we cannot conclude the district court abused its discretion. *See Jenkins*, 313 F.3d at 559 ("Under [the abuse of discretion] standard, we will not disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment.").

### C. Reference to Damages in Closing Argument

The district court bifurcated the trial into a liability phase and a damages phase. Starr argues QuikTrip violated the bifurcation order by referencing damages during its closing argument in the liability phase of the trial. Starr did not make a timely objection, so we review for plain error. *See Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) (reviewing purportedly improper remarks during closing argument for plain error when appellant failed to object). To establish plain error, Starr must show (1) error that: (2) was plain, (3) affected his substantial

6

rights, and (4) seriously affected the fairness, integrity, or public reputation of the proceedings. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

During his rebuttal closing, QuikTrip's attorney argued that

> [M]ost folks would like to make life easier for veterans. If they could sign a check and make life better, that would be fine. But you're not here just to say, "Give this person some money." You're here to decide whether QuikTrip did something to warrant giving this person some money. And I suggest to you, if you look at the facts and look at the evidence, you'll see they didn't do anything wrong.

Aplt. App. at 295-96. Even if we assume this comment was improper, Starr does not argue it rose to the level of plain error and makes no effort to show it satisfies the plain error standard. We therefore reject Starr's request to reverse on this ground. *See Richison*, 634 F.3d at 1131 (the failure to argue for plain error on appeal "surely marks the end of the road for an argument for reversal not [timely] presented to the district court").

**III. Conclusion**

We affirm the district court's judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

7