**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ARMANDO SANTIAGO, | DOCKET NUMBER |
| Appellant, | DC-4324-20-0796-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 15, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian Lawler, Esquire, San Diego, California, for the appellant.

Keta J. Barnes, Durham, North Carolina, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which granted in part and denied in part the appellant's request for corrective action under the Uniformed Services Employment and Reemployment Rights Act (USERRA). For the reasons discussed below, we GRANT the agency's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review, and REVERSE the portion of the initial decision that found the appellant was entitled to differential pay under 5 U.S.C. § 5538(a). The initial decision is otherwise AFFIRMED.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Generally, an employee making a USERRA claim under 38 U.S.C. § 4311 must show that (1) he was denied a benefit of employment, and (2) his military service was a substantial or motivating factor in the denial of such a benefit. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). However, in a case such as this one, where the benefit in question is available only to members of the military, element (2) is redundant, and it is unnecessary for the employee to make an additional showing that his military service was a substantial or motivating factor. *See Adams v. Department of Homeland Security*, 3 F.4th 1375, 1377-78 (Fed. Cir. 2021), *certiorari denied*, 142 S. Ct. 2835 (2022); *Butterbaugh v. Department of Justice*, 336 F.3d 1332, 1336 (Fed. Cir. 2003). Thus, the only issue to be decided in this case is whether the appellant was entitled to differential pay under 5 U.S.C. § 5538(a) based on his active duty service from October 8, 2018, through February 22, 2019.

¶3 Title 5 U.S.C. § 5538(a) provides, in relevant part:

> An employee who is absent from a position of employment with the Federal Government in order to perform active duty in the uniformed services pursuant to a call or order to active duty under . . . a provision of law referred to in section 101(a)(13)(B) of title 10 shall be entitled to [differential pay].

The administrative judge found that, whereas the appellant was entitled to additional military leave under 5 U.S.C. § 6323(b) only if he served "in support of a contingency operation," 5 U.S.C. § 5538(a) includes no such requirement. Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 9. Accordingly, in addressing the appellant's entitlement to differential pay, the administrative judge did not consider whether the appellant was performing active duty in or in support of a contingency operation. ID at 9-10. However, as the agency observes

on review, 10 U.S.C. § 101(a)(13) defines the term "contingency operation," and the provisions of law listed at 10 U.S.C. § 101(a)(13)(B) are part of that definition. Hence, the agency argues, the appellant is entitled to differential pay under 5 U.S.C. § 5538(a) only if he served active duty in a contingency operation. Petition for Review (PFR) File, Tab 1 at 6-9.

¶4      Our reviewing court has since endorsed the agency's interpretation. In *Adams*, the court examined the relevant statutory provisions and concluded that for a claimant to be entitled to differential pay under 5 U.S.C. § 5538(a), the claimant "must have served pursuant to a call to active duty that meets the statutory definition of contingency operation." *Adams*, 3 F.4th at 1378. Thus, contrary to the administrative judge's analysis, the requirements for entitlement to differential pay under section 5538(a) are stricter than those for entitlement to additional leave under section 6323(b). Whereas claimants may be entitled to benefits under section 6323 if they were called to duty "in support" of a contingency operation, differential pay under section 5538(a) is available only to claimants who were directly called to serve in a contingency operation. *Adams*, 3 F.4th at 1379 & n.1. Accordingly, to establish his entitlement to differential pay under 5 U.S.C. § 5538, the appellant must show that he served active duty in a contingency operation, as defined at 10 U.S.C. § 101(13)(B).

¶5      As relevant here, 10 U.S.C. § 101(a)(13)(B) defines the term "contingency operation" to include:

> [A] military operation that . . . results in the call or order to, or retention on, active duty of members of the uniformed services under section 688, 12301(a), 12302, 12304, 12304a, 12405, or 12406 of this title, chapter 13 of this title, section [3713] of title 14, or *any other provision of law during a war or during a national emergency*.

*Id*. (emphasis added). Our reviewing court has held that the use of the term "any" indicates that the list of statutory provisions is nonexhaustive and that the phrase "other provision[s] of law" should be interpreted broadly. *O'Farrell v. Department of Defense*, 882 F.3d 1080, 1084-85 (Fed. Cir. 2018). In this case,

the appellant was ordered to active duty under 10 U.S.C. § 12301(d), which is not one of the specific provisions listed in the definition. IAF, Tab 5 at 6. The appellant argued, and the administrative judge agreed, that the appellant's service nonetheless falls under the catch-all provision of 10 U.S.C. § 101(a)(13)(B), as he was called to active duty "under a provision of law," namely 10 U.S.C. § 12301(d), and a national emergency has been in effect since September 11, 2001. ID at 9-10; *see* 84 Fed. Reg. 48545 (Sept. 12, 2019) (declaration of the President continuing the national emergency for the year 2019-2020).

¶6        However, while our reviewing court has held that the catch-all provision of 10 U.S.C. § 101(a)(13)(B) should be read broadly, it has declined to read the statute so expansively that any reservist called to duty during a national emergency would be deemed to be performing a contingency operation. *Adams*, 3 F.4th at 1379; *see O'Farrell*, 882 F.3d at 1086 n.5 (explaining that not all reservists called to active duty during a national emergency are acting in support of a contingency operation). Rather, the court has found that the term "any other provision of law" must be read in the context of the enumerated statutes listed in 10 U.S.C. § 101(a)(13)(B), which all involve some connection to the declared national emergency. *Adams*, 3 F.4th at 1380 (citing 10 U.S.C. §§ 688(c), 12031(a), 12302, 12304, 12305, 12406 & chapter 13, and 14 U.S.C. § 3713). The court observed that, in contrast to the enumerated statutes, section 12301(d) makes no reference to a national emergency, but authorizes the activation of reservists "at any time . . . with the consent of that member." *Adams*, 3 F.4th at 1380. Applying the principle of *esjudem generis*,[2] the court concluded that it was "implausible that Congress intended for the phrase 'any other provision of law during a war or national emergency' to necessarily include § 12301(d)

---

[2] Under the principle of *esjudem generis*, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Circuit City Stores, Incorporated v. Adams*, 532 U.S. 105, 114 (2001) (quoting 2A N. Singer, *Sutherland on Statutes and Statutory Construction*, § 47.15 (1991)).

voluntary duty that was unconnected to the emergency at hand." *Adams*, 3 F.4th at 1380.

¶7     The court further observed that its reading of the statute is consistent with Office of Personnel Management (OPM) guidance, which explicitly provides that duty qualifying for differential pay "does not include voluntary active duty under 10 U.S.C. § 12301(d)." *Id.* (quoting OPM, *Policy Guidance Regarding Reservist Differential under 5 U.S.C. § 5538* (OPM Guidance), 18 (June 2015), ht tps://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/reservist-differential/policyguidance.pdf).   The court further noted that OPM's guidance explains that the term "contingency operation" means "a military operation that is designated by the Secretary of Defense as an operation in which members of the armed forces are or may become involved in military actions, operations, or hostilities against an enemy of the United States or against an opposing military force."  OPM Guidance at 22.  Here, as in *Adams*, the appellant does not allege that he was ordered to perform such service.  *See Adams*, 3 F.4th at 1380.

¶8     Finally, we note that in finding that the appellant was not entitled to additional leave under 5 U.S.C. § 6323(a), which limits the benefit to employees who were absent for military service "as a result of a call or order to active duty in support of a contingency operation," the administrative judge found that the appellant's training was not even "in support" of a contingency operation—much less part of a contingency operation itself.  ID at 7-8.  The appellant does not dispute that finding on review, instead arguing that entitlement to differential pay under 5 U.S.C. § 5538(a) does not require that the claimant have been called to duty in or in support of a contingency operation.  However, as discussed above, our reviewing court has explicitly rejected that interpretation of the statute.

¶9    In sum, we find that the appellant is not entitled to differential pay under 5 U.S.C. § 5538(a).[3] Accordingly, we reverse the portion of the initial decision that granted corrective action regarding the appellant's claim for differential pay. The initial decision is otherwise affirmed.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Having so found, we need not address the agency's remaining arguments. Accordingly, we do not make any findings regarding the analysis in then-Member Robbins's separate opinion in *Marquiz v. Department of Defense*, 123 M.S.P.R. 479 (2016) (nonprecedential split vote).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.