# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY STOCKARD TURNER,<br>Appellant, | DOCKET NUMBER<br>CH-4324-19-0433-I-2 |
| v. | |
| NATIONAL ARCHIVES AND<br>RECORDS ADMIN,<br>Agency. | DATE: March 7, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary Stockard Turner, St Louis, Missouri, pro se.

Stephani L. Abramson, Esquire, Hannah Bergman, and Sean W. Ryal, College Park, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in connection with her appeal under Uniformed Services Employment and Reemployment Rights Act (USERRA). Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Following a hearing, the administrative judge issued a thorough and well-reasoned initial decision in which she addressed the appellant's claims regarding seven nonselections for promotions/details, four reassignments, four other actions,[3] and a general claim of a hostile work environment, all of which the appellant contended were based on discrimination due to her status as a military reservist and in retaliation for her protected activity of asserting her rights under

---

[2] After the record closed on review, the appellant filed a motion requesting leave to include new evidence in her petition for review purportedly showing that the administrative judge acted improperly. 5 C.F.R. § 1201.114(k); Petition for Review File, Tab 6. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. 5 C.F.R. § 1201.114(k). Because the appellant's motion does not show that her evidence is material nor that it was not readily available before the record closed on review, it is denied.

[3] These included the appellant's claims that the agency was slow in providing her office essentials (phone and computer access) when she returned from a period of leave in May 2018, transferred her belongings when she was on leave prior to May 15, 2018, pressured her to change a subordinate's appraisal during fiscal year 2013, and ignored a complaint she filed with the Office of Inspector General in the summer of 2018. *Turner v. National Archives and Records Admin*, MSPB Docket No. CH-4324-19-0433-I-2, Appeal File, Tab 16 at 3-5.

USERRA. *Turner v. National Archives and Records Admin*, MSPB Docket No. CH-4324-19-0433-I-2, Appeal File, Tab 32, Initial Decision (ID). The nonselections and other events complained about by the appellant occurred between 2012 and 2018. The administrative judge carefully examined the documentary and testimonial evidence related to each nonselection for promotion/detail, the reassignments, and the other actions, finding that the appellant did not offer sufficient evidence to show that any were based on her status as a military reservist or due to her protected activity of asserting her USERRA rights. ID at 11-25. The administrative judge further found that the appellant failed to prove her claim that, based on her military service or protected activity, the agency subjected her to a hostile work environment, and that she also failed to show that the agency had a general animosity towards veterans or those who were obligated to perform military service. ID at 25-29. Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 2, 30.

The appellant's petition for review consists of a copy of the initial decision to which she has noted, in bold, her specific objections to certain of the administrative judge's statements or findings. Petition for Review (PFR) File, Tab 1 at 2-30. The great majority of these objections have no bearing on her USERRA claim, that is, they do not explain the significance of the appellant's military service or protected activity to the actions of which she complains. 38 U.S.C. § 4311(a), (b); *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1012 (Fed. Cir. 2001). Thus, they do not support a finding that the administrative judge erred in concluding that the appellant failed to prove a violation of USERRA. Regarding her objections to the administrative judge's findings in which the appellant does allude to her military service, she merely disagrees with those findings in conclusory fashion. A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v.*

*Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). The appellant's disagreement with the administrative judge's findings does not explain why they are incorrect or otherwise establish error. *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (stating that a petition for review that consists of mere disagreement with the initial decision does not provide a basis to grant review); *see Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that there is no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

The appellant raises two claims of bias by the administrative judge. She first challenges the administrative judge's statement, made after she had reviewed the record, that "the evidence revealed tendencies on [the] [a]ppellant's part to interpret innocuous events negatively and let unfounded perceptions color her review of the facts . . . ." ID at 23. On review, the appellant argues only that the statement reflects bias on the administrative judge's part. PFR File, Tab 1 at 24. In making a claim of bias, an appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The mere fact that an administrative judge does not accept the appellant's assertions or interprets testimony in the fashion the appellant claims is correct does not constitute bias. *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). Here, the appellant's claim of bias reflects only her disagreement with the administrative judge's findings. We therefore find this bias claim to be without merit.

The appellant also argues that the administrative judge's credibility determinations reflect bias. PFR File, Tab 1 at 28. The administrative judge found that all of the agency witnesses were credible, and that they exhibited appropriate demeanor, even while being questioned by the appellant. ID at 27.

Notably, the administrative judge did not find that the appellant was incredible, but rather that she was generally credible, except that, when she discussed her claims of military bias, she was not persuasive. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so); ID at 22-23, 27-28. The administrative judge further found that the appellant could point to no evidence in the record to support her contention that the agency had discriminated or retaliated against her based on her military service, except for her subjective belief, and that she appeared to have a heightened sensitivity to straightforward agency actions. ID at 23, 28. None of these statements or findings by the administrative judge evidence bias. Neither do the appellant's contrary conclusory statements.[4] *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

[4] Regarding the appellant's argument that the administrative judge erred in her discovery-related rulings, PFR File, Tab 1 at 10, an administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings, *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). The appellant's allegations do not establish an abuse of discretion in this appeal.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.